FILED ___ LODGED
___ RECEIVED ___ COPY

NOV 21 2013

CLERK U S DISTRICT COURT
DISTRICT OFARIZONA
BY_____ DEPUTY

JOHN S. LEONARDO
United States Attorney
District of Arizona
SHELLEY K.G. CLEMENS
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: shelley.clemens@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 13-1498-TUC-CKJ(BPV) |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| Kurtis Anthony Byrom, | |
| Defendant. | |

The United States of America and the defendant, Kurtis Anthony Byrom, agree to the following disposition of this matter:

1. **Plea.** The defendant agrees to plead guilty to Count I of the Indictment charging the defendant with a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), Convicted Felon in Possession of a Firearm.

2. **Terms.** The defendant understands that the guilty plea is conditioned upon the following terms, stipulations, and requirements within this agreement.

3. **Maximum Penalties.**

(A) A violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of ten (10) years, or both, and a term of supervised release of not more than three (3) years.

(B) The Court shall order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless the defendant establishes

the applicability of the exceptions contained in Section 5E1.2(e) of the Guidelines, pursuant to Title 18, United States Code, Section 3611.

(C) Pursuant to Title 18, United States Code, Section 3583 and Section 5D1.1 and Section 5D1.2 of the Sentencing Guidelines, the Court shall order the defendant to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the Court may impose a term of supervised release in all other cases.

(D) Pursuant to Title 18, United States Code, Section 3013, the Court shall impose a special assessment of $100.00 for each count of conviction. The special assessment is due at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

(E) The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

4. Agreements Regarding Sentence.

(A) The parties agree that the following calculations apply in this case pursuant to the advisory United States Sentencing Guidelines (USSG): The base offense level is 20 pursuant to §2K2.1(a)(4). Two levels for having a stolen firearm are added pursuant to

§2K2.1(b)(4). Three (3) levels are subtracted for acceptance of responsibility and early acceptance, pursuant to §3E1.1(a) and (b), which yields a final offense level of 19. Pursuant to these agreed-upon calculations, the parties stipulate the defendant shall be sentenced to the bottom of the applicable sentencing ranges as follows, dependent on the Defendant's Criminal History Category as determined by the sentencing judge:

24 - 30 months of imprisonment for Criminal History Category I;

27 - 33 months of imprisonment for Criminal History Category II;

30 - 37 months of imprisonment for Criminal History Category III;

37 - 46 months of imprisonment for Criminal History Category IV;

46 - 57 months of imprisonment for Criminal History Category V;

51 - 63 months of imprisonment for Criminal History Category VI.

(B) The defendant agrees to forfeit any right to the seized firearm and ammunition and agrees that the government and its agents may dispose of it appropriately.

(C) The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing. If the defendant requests or if the Court authorizes (1) any downward departure; (2) any reduction of criminal history category which differs from that set forth in the Presentence report; or (3) any other reduction of sentence not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

(D) If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

(E) If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

///

(F)   The government retains the unrestricted right to make any and all statements it deems appropriate to the United States Probation Office and to make factual and legal responses to any statements made by the defendant or defense counsel or to objections to the presentence report or to questions by the Court at the time of sentencing.

(G)   The defendant understands that this agreement does not in any manner restrict the actions of the government in any other jurisdiction or other United States Attorney's Office.

5.   Agreement As To Forfeiture

(A)   Defendant agrees to abandon and relinquish any and all right, title and interest he/she may have in one (1) Taurus, Model PT 145 Pro, .45 ACP caliber pistol, bearing serial number NFP72035.

(B)   Defendant knowingly and voluntarily agrees not to file a claim, pursue any filed claims, to withdraw any filed claims, and to waive all interest in the asset[s] listed above, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

(C)   Defendant further agrees to waive his/her right to notice of any forfeiture proceedings involving the asset[s].

(D)   Defendant warrants that he/she is the owner or has an interest in the property listed above, and knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed asset[s] covered by this agreement.

(E)   Defendant knowingly and voluntarily agrees and understands the forfeiture of the asset[s] listed above shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant.

6.   Plea Addendum.   This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any

- 4 -

additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

7. **Waiver of Defenses and Appeal Rights.** The defendant hereby waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the charges or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives:

(A) any right to appeal the Court's entry of judgment against defendant;

(B) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and

(C) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.

(D) The defendant acknowledges and agrees that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. Further, the defendant agrees that any such filing would constitute a breach of this plea agreement, and the United States will be permitted to withdraw from the agreement.

8. **Perjury and Other False Statement Offenses or Other Offense.** Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

9. **Reinstatement of Prosecution.** If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been

dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or Constitutional restrictions in bringing the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial or proceeding as permitted by Fed.R.Crim.P. 11(f) and Fed.R.Evid. 410.

10. **Disclosure of Information to U.S. Probation Office.** The defendant understands the government's obligation to provide all information in its file regarding defendant to the United States Probation Office. Further, the defendant agrees to cooperate fully with the United States Probation Office in providing:

(A) All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

(B) All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

(C) All history of drug abuse which would warrant a treatment condition as part of sentencing.

(D) All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

11. **Effect on Forfeiture, Civil, and Administrative Proceedings.** Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or to prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

12. **Defendant's Waiver of Rights, Approval, Acceptance.**

(A) I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

 (B) I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; and to be presumed innocent until proven guilty beyond a reasonable doubt, to appeal and to collaterally attack my conviction and sentence.

 (C) I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

 (D) I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence.

 (E) My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, including my attorney, and I agree to be bound according to its provisions.

 (F) I understand that if I am granted probation, if available under this agreement, or placed on supervised release by the Court, the terms and conditions of such supervision are subject to modification at any time. I further understand that if I violate any of the conditions of my supervision, my supervision may be revoked, and I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

 (G) I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

///

(H) I am satisfied that my defense attorney has represented me in a competent manner.

(I) I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

(J) This agreement has been read to me in Spanish, if applicable, and I have carefully reviewed every part of it with my attorney. I understand the agreement, and I voluntarily agree to it.

**13.    Elements of the offense.**

The elements of Possession of a Firearm by a Prohibited Possessor are that:

(A) The defendant knowingly possessed a firearm;

(B) The firearm had been shipped or transported from one state to another or from a foreign nation to the United States;

(C) At the time the defendant possessed the firearm, the defendant had been previously convicted of a criminal offense that carried a punishment of greater than one year.

13. Factual Basis. I agree and admit that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty, and that if this matter were to proceed to trial the government could prove the elements of the offense beyond a reasonable doubt:

> On about July 25, 2013, in Sierra Vista, in the district of Arizona, KURTIS ANTHONY BYROM purchased a firearm from an individual in Sierra Vista in exchange for $100 and 1/16 an ounce of meth. The firearm, one (1) Taurus, Model PT 145 Pro, .45 ACP caliber pistol, bearing serial number NFP72035, was one of several guns stolen from Saguaro Firearms earlier that same day. ATF SA Chmielewski, a firearm nexus examiner, has examined the firearm and determined that it affected interstate commerce. BYROM is a convicted felon, having been previously

- 8 -

convicted of a crime that carried a punishment exceeding one year, that is Aggravated Assault on May 28, 2010, in Cochise County Superior Court, Case No. 201000368, on May 28, 2010.

11/21/13
DATE

*Kurtis A. Byrom* (signature)
KURTIS ANTHONY BYROM
DEFENDANT

14. **Defense Attorney's Approval.** I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the maximum statutory sentence possible and the defendant's waiver of the right to appeal and the right to a collateral attack. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P. If applicable, I have translated or caused to be translated this agreement from English into Spanish to the defendant.

11/21/13
DATE

(signature)
DAVID P. TIERS
DEFENDANT'S ATTORNEY

///

///

///

///

///

- 9 -

15. **Government's Approval.** I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

11-21-13
Date

SHELLEY K.G. CLEMENS
Assistant United States

- 10 -